FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2011 MAY -9 AM 10: 30
CLERK R aur
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

CLYDE ANTONIO HAYES,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CIVIL ACTION NO.: CV211-030

(Case No.: CR298-1)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Clyde Antonio Hayes ("Hayes"), who is currently incarcerated at the Coleman Federal Correctional Complex in Coleman, Florida, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The Government filed a Response/Motion to Dismiss. For the reasons which follow, Hayes's motion should be **DISMISSED**.

## STATEMENT OF THE CASE

A federal grand jury in the Southern District of Georgia indicted Hayes for three federal crimes. (CR298-001). Count one charged Hayes with bank robbery in violation of 18 U.S.C. § 2113(a) and (d). Count two charged him with the possession and unlawful use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1). Count three charged him with the possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). (Id. at Doc. No. 13). A jury found Hayes guilty of all counts. (Id. at Doc. No. 65).

Before sentencing, a probation officer prepared a presentence investigation report (PSI) as required by Fed. R. Crim. P. 32. A defendant's recommended sentence under the guidelines is the product of his total offense level and criminal history. See U.S.S.G. § 1B1.1. However, a defendant who qualifies as a "career offender" may receive a higher base offense level and/or criminal history category than would otherwise apply under the advisory guidelines. See U.S.S.G. § 4B1.1(b). A defendant qualifies as a career offender if he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a).

Initially, the probation officer determined that Hayes had an adjusted offense level of 24 and a criminal history category of V. Hayes had three prior convictions for carrying a concealed firearm. (PSI ¶¶ 37, 39, 43). The probation officer determined that these convictions constituted crimes of violence under U.S.S.G. § 4B1.2 and so qualified Hayes as a career offender. (PSI ¶ 32). For that reason, the probation officer assigned Hayes a total offense level of 34 and a criminal history category of VI pursuant to U.S.S.G. § 4B1.1(b). (PSI ¶ 34, 45). These figures yielded a prison range under the guidelines of 262 to 327 months on counts one and three only. (PSI ¶ 66).

As to count two, a defendant who possesses a semiautomatic assault weapon in furtherance of a crime of violence is subject to an additional mandatory minimum prison term of ten years, which must be served consecutive to any other prison term imposed on that defendant. See 18 U.S.C. § 924(c)(1)(B)(i), (D)(ii). During the bank robbery, Hayes carried a Tech-9 semiautomatic assault weapon. (PSI ¶ 4). Accordingly, the law imposed an additional 120 months in prison as to count two. (PSI ¶¶ 65-66).

At the sentencing hearing, Hayes did not object to either the factual statements or guideline application decisions in the PSI, which the district court accordingly adopted as its own. (CR298-001, Doc. No. 86, p. 3). This Court sentenced Hayes to serve a total of 382 months in prison: 262 months as to count one, 120 months as to count three served concurrently with count one, and 120 months as to count two served consecutively to counts one and three. (Id. at Doc. No. 75, p. 2; Doc. No. 86, p. 6). The district court later granted the government's motion for a downward departure due to substantial assistance in the prosecution of others and reduced Hayes's total prison term by 60 months. (Id. at Doc. No. 102).

In February 2010, Hayes filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Middle District of Florida. (Hayes v. Warden, FCC Coleman, CV5:10-066 (M.D. Fla. Feb. 22, 2010). In that petition, Hayes claims that he was actually innocent of his conviction and sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e), because he did not have three prior convictions that qualify as violent felonies according to Begay v. United States, 553 U.S. 137 (2008). (Id. at Doc. No. 1, p. 4). In his accompanying memorandum, Hayes discussed Begay and Archer v. United States, 531 F.3d 1347 (11th Cir. 2008), at length and argued that those decisions demonstrated that his three prior convictions for carrying a concealed weapon no longer qualified as violent felonies under the Armed Career Criminal Act. (Id. at p. 14-20). Hayes also explained that he did not file a motion to set aside his sentence pursuant to 28 U.S.C. § 2255 because the one-year statute of limitations had already expired on his Begay claim. (Id. at 6, 10.)

On March 1, 2011, Hayes filed the instant motion to set aside his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 1). Hayes "maintains that following Johnson v. United States, ___ U.S.___, 130 S. Ct. 1265 (2010), he is actually innocent of his underlying 18 U.S.C. § 924(e) enhancement and does not have the requisite predicate prior convictions to be sentenced as an Armed Career Criminal." (Id. at p. 4). Hayes argues that his motion is timely under 28 U.S.C. § 2255(f)(3) because he filed it within one year of Johnson. (Id. at 15). The Government asserts Hayes's petition should be dismissed because Hayes was not sentenced as an armed career criminal, and the statute of limitations bars any challenge to Hayes's career offender enhancement. (Doc. No. 3).

## DISCUSSION AND CITATION TO AUTHORITY

A § 2255 motion is subject to a one year period of limitation, which begins to run from the latest of:

1. the date on which the judgment of conviction becomes final;

2. the date on which a governmental impediment to making a motion created by action is removed;

3. the date on which the right asserted was initially recognized by the Supreme Court and made retroactive to cases on collateral review; or

4. the date on which the facts supporting the claim could have been discovered through due diligence.

28 U.S.C. § 2255(f). "[F]or federal criminal defendants who do not file a petition for certiorari with [the U.S. Supreme] Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." Clay v. United States, 537 U.S. 522, 532 (2003). A party may file a petition for writ of certiorari in the

Supreme Court within 90 days after entry of the judgment sought to be reviewed. U.S.S.CT. RULES 13.1, 13.3.

The Eleventh Circuit affirmed Hayes's conviction and sentence on August 26, 1999. (CR298-001 at Doc. No. 94). Hayes did not file a petition for certiorari, so his conviction became final 90 days later on November 27, 1999. Therefore, the one-year period for Hayes to file a timely section 2255 motion ended on November 28, 2000. Hayes filed the instant petition on March 1, 2011. (Doc. No. 1). Thus, Hayes's motion is more than ten years too late.

Hayes argues that his motion is timely under 28 U.S.C. § 2255(f)(3) because he filed it within one year after the Supreme Court decision in Johnson. (Id. at 15). To qualify as timely under that provision, "the right asserted" in the § 2255 motion must have been "initially recognized by the Supreme Court" not more than one year prior to the date the defendant filed his § 2255 motion. 28 U.S.C. § 2255(f)(3). The right Hayes asserts in his section 2255 motion is to be resentenced absent designation as a career offender. (Id. at 16). To be entitled to this relief, Hayes would have to demonstrate that his original classification as a career offender was improper. His classification as a career offender was based on the determination that his prior convictions for carrying a concealed firearm constituted crimes of violence under U.S.S.G. § 4B1.2. (PSI ¶¶ 32, 37, 39, 43.)

In Johnson, the Supreme Court held that a prior conviction for battery under Florida law does not constitute a violent felony under the Armed Career Criminal Act Johnson, 130 S. Ct. at 1271-73. Although Hayes has a prior conviction for battery under Florida law (PSI ¶ 35), it played no role in his designation as a career offender.

AO 72A
(Rev. 8/82)

5

("[T]he defendant has been convicted of carrying a concealed firearm on three occasions, which are felony crimes of violence.") (PSI ¶ 32). Johnson in no way invalidates this Court's original determination that carrying a concealed firearm constitutes a crime of violence. Thus, to the extent Hayes relies on Johnson to establish that his designation as a career offender was erroneous, he fails to state a claim on which relief may be granted. To the extent Hayes relies on Begay and Archer to establish that his convictions for carrying a concealed weapon no longer qualify as crimes of violence, his claim is barred by the statute of limitations. Hayes may not rely on Begay to demonstrate that he is not a career offender and simultaneously rely on Johnson to avoid the statute of limitations.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Hayes's motion to set aside, vacate, or correct his sentence, brought pursuant to 28 U.S.C. § 2255, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 9th day of May, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE